## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| AMYRIS, INC., JOHN DOERR, GEOFFREY DUYK, PHILIP EYKERMAN, CHRISTOPH GOPPELSROEDER, FRANK KUNG, JAMES MCCANN, JOHN MELO, STEVE MILLS, CAROLE PIWNICA, PATRICK YANG, and LISA QI, | ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from defendants' dissemination of a materially incomplete proxy statement (the "Proxy Statement") filed by Amyris, Inc. ("Amyris" or the "Company") with the United States Securities and Exchange Commission ("SEC") on July 6, 2020.

2.      As set forth in greater detail below, the Proxy Statement scheduled a special meeting of Amyris' stockholders for August 14, 2020 to vote upon:

> 1. Approval of the issuance of shares of our common stock issuable upon exercise by Foris Ventures, LLC of its option to convert all or any portion of the secured indebtedness outstanding under the Amended and Restated Loan and Security Agreement dated October 28, 2019, as further amended on June 1, 2020, into shares of our common stock, in accordance with Nasdaq Listing Standard Rule 5635(d).

2. Approval of the issuance of shares of our common stock issuable upon the conversion of our Series E Convertible Preferred Stock in accordance with Nasdaq Listing Standard Rule 5635(d).

3.      As set forth below, the Proxy Statement omits material information, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

5.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

7.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Amyris common stock.

8.      Defendant Amyris is a Delaware corporation and maintains its principal executive offices at 5885 Hollis Street, Suite 100, Emeryville, California 94608.  Amyris' common stock is traded on the NASDAQ Global Select Market under the ticker symbol "AMRS."

9.      Defendant John Doerr ("Doerr") is a director of the Company.

10.     Defendant Geoffrey Duyk is a director of the Company.

11.     Defendant Philip Eykerman is a director of the Company.

12.     Defendant Christoph Goppelsroeder is a director of the Company.

13.     Defendant Frank Kung ("Kung") is a director of the Company.

14.     Defendant James McCann is a director of the Company.

15.     Defendant John Melo is Chief Executive Officer, President, and a director of the Company.

16.     Defendant Steve Mills is a director of the Company.

17.     Defendant Carole Piwnica is a director of the Company.

18.     Defendant Patrick Yang is a director of the Company.

19.     Defendant Lisa Qi is a director of the Company.

20.     The defendants identified in paragraphs 9 through 19 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Amyris (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of June 17, 2020, there were approximately 204,618,423 shares of common stock of Amyris outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff

3

and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Agreements*

28.     Amyris is a science and technology leader in the research, development, and production of sustainable ingredients for the Health and Wellness, Clean Beauty, and Flavors and Fragrances markets.

29.     The Company uses an array of exclusive technologies, including state-of-the-art machine learning, robotics, and artificial intelligence.

30.     The Company's ingredients are included in over 3,000 products from the world's top brands, reaching more than 200 million consumers.

4

31.     The Company owns three consumer brands, all built around its No Compromise® promise of clean ingredients:  Biossance™ clean beauty skincare; Pipette™ clean baby skincare; and Purecane™, a zero-calorie sweetener naturally derived from sugarcane.

32.     On June 1, 2020, the Company's Board of Directors (the "Board" or "Individual Defendants") caused the Company and certain of its subsidiaries to enter into Amendment No. 1 to the Amended and Restated Loan and Security Agreement, dated October 28, 2019 (the "Loan Agreement Amendment") with Foris Ventures, LLC ("Foris").

33.     As of June 15, 2020, Foris was the Company's largest shareholder, beneficially owning approximately 31.5% of the Company's outstanding common stock.  Individual Defendant Doerr indirectly owns all of the membership interests in Foris.

34.     Pursuant to the Loan Agreement Amendment, among other things, Foris has the option to convert all or a portion of its outstanding secured indebtedness under the Loan Agreement Amendment into shares of the Company's common stock at a conversion price equal to $3.00 (the "Conversion Option"), subject to the Company's stockholder approval to issue shares of the Company's common stock upon exercise of the Conversion Option in accordance with Nasdaq Listing Standard Rule 5635(d).

35.     On June 1, 2020 and June 4, 2020, the Company entered into separate security purchase agreements (the "Purchase Agreements," and together with the Loan Agreement Amendment, the "Agreements") with certain accredited investors (the "Investors") for the issuance of an aggregate of 32,614,573 shares of the Company's common stock, and 102,156.21 shares of the Company's Series E Convertible Preferred Stock, convertible into 34,052,070 shares of common stock at a price of $3.00 per common share and $1,000 per preferred share, resulting in an aggregate purchase price of $200 million (the "Offering").

36.     The Investors include:  Foris; Perrara Ventures, LLC, which is also affiliated with Individual Defendant Doerr; and Vivo Capital LLC ("Vivo").  Individual Defendant Kung is a founding member of Vivo, which owns approximately 13,347,068 shares of the Company's common stock.

37.     Pursuant to the Purchase Agreements, and in accordance with Nasdaq Listing Standard Rule 5635(d), the Company must obtain stockholder approval for the issuance of shares of common stock issuable upon conversion of the preferred stock with respect to the transactions contemplated by the Purchase Agreements.

38.     The Board approved the Offering and the issuance and sale of up to $200 million of equity securities at purchase price of $3.00 on May 28, 2020.

39.     A "Pricing Committee" of the Board approved the final terms of the Offering, including the issuance of shares of common stock issuable upon the conversion of shares of preferred stock, on June 2, 2020.

40.     The Board approved the Loan Agreement Amendment on June 2, 2020.

41.     The consummation of the Offering occurred on June 5, 2020.

*The Proxy Statement Omits Material Information*

42.     Defendants filed the Proxy Statement with the SEC, which scheduled a special meeting of Amyris' stockholders for August 14, 2020 to vote upon:

1. Approval of the issuance of shares of our common stock issuable upon exercise by Foris Ventures, LLC of its option to convert all or any portion of the secured indebtedness outstanding under the Amended and Restated Loan and Security Agreement dated October 28, 2019, as further amended on June 1, 2020, into shares of our common stock, in accordance with Nasdaq Listing Standard Rule 5635(d).

2. Approval of the issuance of shares of our common stock issuable upon the conversion of our Series E Convertible Preferred Stock in accordance with Nasdaq Listing Standard Rule 5635(d).

43.     However, as set forth below, the Proxy Statement omits material information.

44.     The Proxy Statement fails to disclose the financial projections and analyses that the Individual Defendants considered and relied upon in coming to their decision to approve the Agreements.

45.     The Proxy Statement fails to disclose the Company's financial advisors in connection with the Agreements and the terms of their engagements, including: (i) the amount of compensation the financial advisors have received or will receive in connection with their engagements; (ii) whether the financial advisors have performed past services for any parties to the Agreements or their affiliates; (iii) the timing and nature of such services; and (iv) the amount of compensation received by the financial advisors for providing such services.

46.     The Proxy Statement fails to disclose a fair summary of the process and negotiations leading up to the execution of the Agreements.

47.     The Proxy Statement fails to disclose the roles Individual Defendants Doerr and Kung played in the process leading up to the execution of the Agreements.

48.     The Proxy Statement fails to disclose the members and authorities of the Pricing Committee, which approved the final terms of the Offering, including the issuance of shares of common stock issuable upon the conversion of shares of preferred stock, on June 2, 2020.

49.     The Proxy Statement fails to disclose the nature of any alternatives to the Agreements that were considered by the Company's officers and directors.

50.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

51.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Amyris' stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Amyris

52.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Amyris is liable as the issuer of these statements.

54.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within Amyris, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

55.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

56.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

57.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the proposals set forth in the Proxy Statement.

58.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

59.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

60.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61.     The Individual Defendants acted as controlling persons of Amyris within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Amyris and participation in and/or awareness of Amyris' operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Amyris, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Amyris, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Individual Defendants were directly involved in the making of the Proxy Statement.

64.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

65.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with the August 14, 2020 stockholder vote;

B.      Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

D.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

10

Dated: July 28, 2020

**RIGRODSKY & LONG, P.A.**

By: _/s/ Gina M. Serra_
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)

**OF COUNSEL:**

300 Delaware Avenue, Suite 1220
Wilmington, DE 19801

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

_Attorneys for Plaintiff_